**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

MICHAEL DANCY,                                                                      PLAINTIFF
ADC # 152056

v.                                  NO. 1:12CV00099 JLH/BD

RAY HOBBS, Director,
Arkansas Department of Correction, *et al.*                                          DEFENDANTS

<u>**ORDER**</u>

Defendants Ray Hobbs, Wendy Kelley, and John Maples moved for summary judgment on

the ground that Michael Dancy did not exhaust any grievances against them as required by the policy

of the Arkansas Department of Correction.   Magistrate Judge Beth Deere submitted a partial

recommended disposition in which she recommended that the motion for summary judgment be

denied based upon recent decisions from the United States Court of Appeals for the Eighth Circuit

holding that the exhaustion requirement of the Prison Litigation Reform Act is satisfied if the prison

officials decide a procedurally flawed grievance on the merits.   The first such decision was *Hammett*

*v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (per curiam).   The second decision is *Bower v. Kelley*,

No. 12-1678, 2012 WL 6199266 (8th Cir., Dec. 13, 2012) (per curiam).   In *Bower v. Kelley*, the

Eighth Circuit held that the prisoner had exhausted his administrative remedies against two employees

of Correctional Medical Services because he had submitted a grievance that was decided on the

merits even though he failed to name those two individuals in the grievance.[1]

Here, Dancy submitted two grievances related to the incident in question.   Neither grievance

identified any individuals, yet both were decided without regard to the fact that no individuals were

---

[1] The Eighth Circuit issued its mandate in *Bower v. Kelley* on January 4, 2013, so that
decision is now final.

named.  Pursuant to *Bower v. Kelley*, therefore, the fact that Dancy did not name individuals in his grievance does not mean that he has failed to satisfy the exhaustion requirement of the Prison Reform Litigation Act.  The defendants contend that *Bower v. Kelley* is distinguishable on the facts, but the holding stated in the Eighth Circuit's per curiam opinion is broad enough to include this case.

After a *de novo* review of the record, the Court finds that the partial recommended disposition should be, and hereby is, approved and adopted as this Court's findings in all respects.

The motion for summary judgment filed by defendants Ray Hobbs, Wendy Kelley, and John Maples is DENIED.  Document #18.

IT IS SO ORDERED this 9th day of January, 2013.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE