# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

MICHAEL DANCY
ADC # 152056                                                                          PLAINTIFF

V.                          CASE NO. 1:12CV00099 JLH/BD

RAY HOBBS, Director,
Arkansas Department of Correction, *et al.*                          DEFENDANTS

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believe to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

>   Mail your objections to:
>
>>   Clerk, United State District Court
>>   Eastern District of Arkansas
>>   600 West Capitol Avenue, Suite A149
>>   Little Rock, AR 72201-3325

**II.     Background**

Plaintiff Michael Dancy, an inmate housed at the Arkansas Department of Correction ("ADC"), filed a pro se complaint alleging that ADC officials and employees of Corizon, Inc. ("Corizon") were deliberately indifferent to his serious medical needs. (Docket entry #2)  Mr. Dancy explains that he is an amputee requiring the assistance of a shower chair.  He claims that Defendants were aware of his need for the chair, but failed to timely provide him one, resulting in a leg infection.  He names as Defendants Director Ray Hobbs, John Maples, Wendy Kelley, Jennifer Horn, and Billy Cowell.

Mr. Dancy's claims against the Jane Doe Defendant have been dismissed. (#34)  In addition, this Court has recommended that Mr. Dancy's claims against Defendants Hobbs, Maples, and Kelly be dismissed.[1] (#49)

Defendants Jennifer Horn and Billy Cowell (the "Medical Defendants") have now moved for summary judgment. (#42)  Mr. Dancy has responded to the motion, and the Medical Defendants have replied. (#47, #48)

---

[1] That Recommendation remains pending.  The time allowed for parties to object to that Recommendation has not yet expired.

Based on the undisputed evidence presented, the Court recommends that the Medical Defendants' motion for summary judgment (#42) be GRANTED, and that Mr. Dancy's claims against Defendants Horn and Cowell be DISMISSED, with prejudice.

### III.    Discussion

   A.    *Summary Judgment Standard*

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v.. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact.  *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552.  If the moving party meets this burden, the nonmoving party must respond by coming forward with specific facts establishing a genuine dispute for trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  When the nonmoving party cannot present sufficient facts to establish a necessary element of the case, the moving party is entitled to judgment as a matter of law.  *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

   B.    *Deliberate Indifference*

"[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge."

*Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996).  A plaintiff cannot show that there is a disputed issue of fact that must be decided at a trial by asserting that he believes more should have been done.  *Dulany v. Carnahan*, 132 F.3d 1234 (8th Cir. 1997).

The material facts are not in dispute.  On April 5, 2012, Mr. Dancy, a below-knee amputee on his right side, was transferred from the Ouachita River Diagnostic Unit to the Grimes Unit.  (#42-1 at p.15)  Five days later, on April 10, 2012, he filed a grievance requesting a shower chair.  (#42-2 at p.14)  On April 16, 2012, he submitted a second grievance, again complaining of his need for a shower chair.  (#42-2 at p.15)  The next day, he received the shower chair.  (#42-1 at p.24)  Mr. Dancy's medical records indicate that there was neither a cane nor a shower chair "available for night shift to distribute."[2]  (#42-2 at p.16)

In his deposition, Mr. Dancy testified that, although he never had any conversations with the Medical Defendants about his need for a shower chair, these Defendants should have been aware of his medical needs because "they were aware . . . when I sent grievances, and requested medical."[3]  (#42-1 at p.23)

---

[2] Defendants attach to their motion, Dr. Robert Floss's affidavit.  (#42-3)  Dr. Floss testified that based on Mr. Dancy's medical records, "it appears . . . that there was not a shower chair available for Mr. Dancy and that the chair was ordered specifically for him and immediately issued to him when it arrived."  (#42-3 at p.2)  There is, however, no conclusive evidence in the record proving that a shower chair was actually unavailable for Mr. Dancy.

[3] The Court notes that Mr. Dancy also testified that he believed that he spoke to Defendant Cowell between April 5, 2012, and April 17, 2012.  (#42-1 at p.37)

Based on the evidence presented, a jury could not conclude that the Medical Defendants were deliberately indifferent to Mr. Dancy's medical needs. First, Mr. Dancy has failed to present any evidence that the Medical Defendants were actually aware of his need for a shower chair prior to his arrival at the Grimes Unit. In fact, there is no evidence that the Medical Defendants were aware of this need prior to April 17, 2012, the date that Mr. Dancy received a shower chair. According to papers presented by the ADC Defendants in support of their motion, Defendant Cowell responded to Mr. Dancy's inmate grievance on May 17, 2012, a month after the shower chair was issued. (#38-2 at p.1)

Further, to prove deliberate indifference, Mr. Dancy "must show that [the Medical Defendants] possessed a 'state of mind more blameworthy than negligence,' amounting to criminal recklessness." *Mason v. Correctional Medical Services, Inc.*, 559 F.3d 880, 885 (8th Cir. 2009) (citing *Farmer v. Brennan*, 511 U.S. 825, 835-36, 114 S.Ct. 1970 (1994)) (internal quotation omitted). In other words, Mr. Dancy must show that the Medical Defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and that they "actually drew that inference." *Id*.

Here, Mr. Dancy has failed to offer any evidence that either Defendant Cowell or Defendant Horn was aware that Mr. Dancy faced a risk of substantial harm by their alleged failure to timely provide the shower chair. Significantly it is undisputed that Mr.

Dancy had access to soap, water, and a washcloth in his cell. (#42-1 at pp.26-28) Although Mr. Dancy testified that he could not stand on one leg to shower, he also testified that he did not request either crutches or a wheelchair to assist him. (#42-1 at p.25) Mr. Dancy undisputedly had access in his cell to materials needed to maintain personal hygiene. This fact also turn in favor of the Medical Defendants' contention that they would have had no way to anticipate that Mr. Dancy faced a substantial risk of infection based on his temporary lack of a shower chair, even if they had known of his grievance when it was filed. The Medical Defendants' alleged failure to provide Mr. Dancy a shower chair for the first twelve days that he was housed at the Grimes Unit appears to be negligent conduct, at worst.

Finally, to the extent that Mr. Dancy claims that these Defendants failed to adequately treat his leg infection, this claim fails as a matter of law. The undisputed evidence shows that Mr. Dancy was provided immediate and continuous treatment for his leg infection. (#42-2)

IV. **Conclusion**

The Court recommends that the Medical Defendants' motion for summary judgment (#42) be GRANTED, and that Mr. Dancy's claims against Defendants Cowell and Horn be DISMISSED with prejudice.

DATED this 26th day of July, 2013.

_____
UNITED STATES MAGISTRATE JUDGE